599 So.2d 222 (1992)
STATE of Florida, Appellant,
v.
Derrick ACKERS, Appellee.
No. 91-735.
District Court of Appeal of Florida, Fifth District.
May 15, 1992.
*223 Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellee.
W. SHARP, Judge.
The state appeals from the trial court's order which granted defense counsel's motion in limine to exclude similar fact evidence concerning Acker's commission of another crime in order to prove his identity and connection with the robbery with a firearm charge being prosecuted in this case. The trial court ruled that the facts and circumstances of the other robbery for which Ackers had been convicted were not sufficiently similar to allow admission pursuant to the Williams[1] rule. We disagree and reverse.
In this case Ackers and a codefendant, Studstill, were charged with robbing a Popeye's Fried Chicken restaurant on North Orange Blossom Trail in Orlando on September 1, 1991. According to the police reports and charging affidavits, two black males accosted two employees who were emptying a garbage can behind the restaurant at 12:20 a.m. on September 1, 1991. One carried a handgun and the other, a broomstick.
They ordered the employees back into the restaurant, gathered together all the other employees (then present), and forced them to lie on the floor. They made the manager turn over close to $2,000 in cash from the safe which was then open. One shot a bullet at a camera mounted on the wall. No fingerprints were found but the bullet was recovered and the gun from which it was shot was identified as Studstill's, and was used in the prior robbery. Two other black males waited in a dark-colored Mercury Cougar, which served as the getaway car.
The other robbery, for which Ackers and Studstill had been convicted, took place approximately two weeks before the robbery in this case, at approximately 12:30 a.m. They robbed a Kentucky Fried Chicken restaurant, also located on North Orange Blossom Trail in Orlando. As the manager and another employee were turning off the lights and leaving by the front entrance, three black males met them and forced them back into the restaurant. Two carried guns and the third carried a broomstick. They wore masks.
The robber carrying the broomstick struck the employee. The others with guns forced the manager to open the safe. They then forced him onto the floor. One *224 fired a gun twice; a bullet barely missed the manager's head. The robbers put the employees into the cooler and left with about $4,000 in cash. Ackers' fingerprints were identified at that robbery.
Due to anonymous tips, Studstill was stopped by the police, driving a Mercury Cougar. A dark-colored Mercury Cougar had been seen at both robberies. A handgun was found in the car. It was later proven to have been the gun that fired the bullets at both robberies.
Although there were some differences in the manner in which the two robberies were carried out  wearing masks; two not three robbers  the similarities of the modus operandi are striking. The robberies took place within a two-week time span at fast-food restaurants located near one another on North Orange Blossom Trail in Orlando, just at closing time. Restaurant employees were interrupted just outside and forced back in. They were forced to the ground. The safes were robbed. A gun was fired. The robbers fled with cash. The robbers carried one or two guns and a broomstick.
These fact similarities are sufficient to establish a unique crime pattern pursuant to Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) and codified in section 90.404(2)(a), Florida Statutes (1991). Evidence of Acker's participation in the earlier robbery may be admitted to establish Acker's identity and participation in the robbery charged in this case. Duckett v. State, 568 So.2d 891 (Fla. 1990); Rogers v. State, 511 So.2d 526 (Fla. 1987).[2]
REVERSED and REMANDED for further proceedings.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] The trial court's concern that the earlier robbery may become the focal point of this case can be prevented by the trial court's limiting the proof of the earlier robbery to its essential elements and by giving appropriate jury instructions.